UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
YVONNE CHUI, on behalf of herself and all
other persons similarly situated,

                              Plaintiff,

                -against-                                    **REPORT AND RECOMMENDATION**

AMERICAN YUEXIANGGUI OF LI LLC             CV 18-5091 (JMA) (AKT)
d/b/a LOU JOE RESTAURANT and XING MEI
CHEN,

                            Defendants.
-------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

This matter is presently before the Court on referral from Honorable Sandra J. Feuerstein, who was then assigned to this action, for a Report and Recommendation in this wage and hour litigation, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"). Defendants have moved for summary judgment seeking to dismiss the First Amended Complaint and the claims asserted against the corporate Defendant American Yuexianggui of LI LLC d/b/a Lou Joe Restaurant ("Lou Joe Restaurant") and individual Defendant Xing Mei Chen ("Chen") (collectively, "Defendants"). *See* May 15, 2020 Electronic Order. For the reasons which follow, namely, the Defendants failure to identify, let alone analyze, any applicable substantive law on which they are entitled to summary judgment, the Court respectfully recommends to Judge Azrack[1] that the Defendants' motion be DENIED.

---

[1]    Following the untimely death of Judge Feuerstein, this case was reassigned to Judge Azrack on June 11, 2021. *See* June 11, 2021 Electronic Order.

## II. BACKGROUND

On September 10, 2018, Plaintiff Yvonne Chui ("Plaintiff" or "Chui") commenced this putative collective and class action on behalf of herself and all others similarly situated against Defendants for violations of the FLSA and NYLL. *See generally* Amended Complaint ("Am. Compl.") [DE 16]. Plaintiff seeks to recover damages for the Defendants' alleged failure to pay overtime and minimum wages, as well as other violations of applicable law. *Id*. Discovery was completed on July 29, 2020. *See* June 29, 2020 Electronic Order. On September 8, 2021, a briefing schedule for the Defendants' summary judgment motion was established [DE 44], which was thereafter extended on September 21, 2020. *See* September 21, 2021 Electronic Order.

Defendants moved for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule" or "Fed. R. Civ. P."), on November 16, 2021. In support of their motion, the Defendants submitted a Memorandum of Law in Support of Motion for Summary Judgment ("Defs.' Mem.") [DE 68]; Defendants' Reply Memorandum of Law in Further Support of Motion for Summary Judgment ("Defs.' Reply") [DE 64-1]; a Rule 56.1(a) Statement of Material Facts [DE 64-2]; the Affidavit of Xing Mei Chen, the owner of Lou Joe Restaurant [DE 64-3]; the Affidavit of Chaomin Song, the owner of East Village Staffing Inc. [DE 64-4]; and the Declaration of William X. Zou, Esq., with supporting exhibits. Plaintiff opposes the motion primarily on the grounds that, contrary to the arguments of Defendants' counsel, Defendants were Plaintiff Chiu's employer. *See* Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment ("Pl.'s Opp'n") [DE 65-8]. In opposing the motion, the Plaintiff submitted a Memorandum of Law in Opposition [DE 65-12], a Rule 56.1(b) Counterstatement of Material Facts [DE 65-7], and the Affidavit of Yvonne Chiu [DE 65-4], with supporting exhibits.

2

The referral to this Court for a Report and Recommendation as to whether the motion should be granted was issued on May 15, 2022. *See* May 15, 2020 Electronic Order.

## V. DISCUSSION

Pursuant to Fed. R. Civ. P. 56, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The party seeking summary judgment bears the burden of informing the court of the basis for the motion and identifying those portions of the record that the moving party claims will demonstrate the absence of a genuine issue of material fact." *McLean v. LaClair*, No. 19-CV-1227, 2021 WL 671650, at *6 (N.D.N.Y. Feb. 22, 2021) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Once the movant has met its initial burden, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356 (1986) (internal quotation marks omitted); *see also Maxton v. Underwriter Labs., Inc.*, 4 F.Supp. 3d 534, 542 (E.D.N.Y. 2014) ("An issue of fact is considered 'genuine' when a reasonable finder of fact could render a verdict in favor of the non-moving party.").

Applying these standards, the Court finds that the Defendants failed to adequately inform the Court of the basis of its motion and to demonstrate that they are entitled to judgment as a matter of law. Defendants' moving memorandum of law contains a recitation of the purported material facts, procedural history, and applicable legal standard governing the review of a motion brought under Rule 56.1. However, the memorandum fails to contain any cases or other authorities relied upon in support of the motion. *See* Local Civil Rule 7.1(a)(2) ("[A]ll motions

3

shall include ... a memorandum of law setting forth cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined[.]"). Defendants assert, in a wholly conclusory fashion, that "as a matter of law, they are entitled to summary judgment … based on the grounds that they are not the employer of the named Plaintiff." Defs.' Mem. at 7. Rather than identify the substantive law on which they rely in support of this assertion, Defendants merely repeat the purported material facts under the legal arguments section.

The Second Circuit has set forth various tests and factors to determine whether a party qualifies as an "employer" within the meaning of the FLSA and NYLL. *See Greenawalt v. AT& T Mobility LLC*, 642 Fed. App'x 36, 37 (2d Cir. 2016) (citing *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 142–43 (2d Cir. 2008)). The appropriate test to apply depends on the circumstances of the case and the relationship among the alleged employers. *Id*.; *see also Irizarry v. Catsimatidis*, 722 F.3d 99, 104 (2d Cir. 2013) ("The Second Circuit has treated employment for FLSA purposes as a flexible concept to be determined on a case-by-case basis by review of the totality of the circumstances; we have identified different sets of relevant factors based on the factual challenges posed by particular cases.") (internal quotation and citations omitted). Defendants' moving memorandum of law does not contain any legal argument, with supporting cases and other authorities, regarding these tests and factors. For the first time in its reply memorandum, the Defendants reference the "single enterprise" theory and concept of "joint employment," but pay short shrift to the applicable factors to be considered under these legal theories. Neither the Defendants' moving memorandum, nor their reply memorandum, contain any meaningful legal argument, with supporting cases and other authorities, as to whether the Defendants come within the definition of "employer" under the FLSA and NYLL.

4

Moreover, the conclusory assertions as to the existence of the factors relevant to this issue contained in the supporting affidavits are similarly unavailing.

"It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work ... and put flesh on its bones." *United States v. Ruth*, No. 18-CR-0004, 2018 WL 5258590, at *2 (W.D.N.Y. Oct. 1, 2018), *report and recommendation adopted*, No. 18-CR-0004, 2018 WL 5258051 (W.D.N.Y. Oct. 22, 2018) (citing *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990)).  The Court is not responsible for developing arguments on a party's behalf or addressing conclusory claims.  *See Dahn v. Comm'r of Soc. Sec.*, No. 18-CV-1507, 2020 WL 5554510, at *2 (W.D.N.Y. Sept. 17, 2020) (citation omitted); *Flores v. Tryon*, 2017 WL 3705124, *3 n. 4 (W.D.N.Y. 2017) ("it is not this Court's responsibility to raise and make counsel's arguments for them"); *Herbert v. Architect of Capitol*, 839 F. Supp. 2d 284, 298 (D.D.C. 2012) ("AOC has simply failed to support its argument with any meaningful measure of factual or legal argument. Courts need not consider cursory arguments of this kind").

Therefore, the Court respectfully recommends the Judge Azrack that the Defendants' motion for summary judgment be DENIED.

### V.     CONCLUSION

For the foregoing reasons, the Court respectfully recommends to Judge Azrack that the Defendants' motion for summary judgment be DENIED.

### VI.    OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from entry of this Report and Recommendation on ECF to file written objections.  *See* Fed. R. Civ. P. 6(a), (e).  Such objections by an attorney of record shall be filed with the Clerk of the Court via ECF.  Any objections by a *pro se* party shall be filed

with the Clerk of the Court by overnight mail or regular mail.  **A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Joan M. Azrack.  Any requests for an extension of time for filing objections must be directed to Judge Azrack prior to the expiration of the fourteen (14) day period for filing objections**.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *E.g.*, *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
       July 26, 2021

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge

6